IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:19-cv-01770-DDD-KMT

VICTORIA WATERS,

    Plaintiff,

v.

ILEAN RIDE COMPANY, LLC,

    Defendants.

---

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

---

This matter is before the Court upon review of the docket and Plaintiff's response to Magistrate Judge Kathleen M. Tafoya's order to show cause. (Docs. 6, 7.) On June 19, 2019, Plaintiff filed this case invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. The Court has a duty to consider its subject matter jurisdiction sua sponte, Fed. R. Civ. P. 12(h)(3), and to "rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

In the Complaint, Plaintiff's jurisdictional allegations were severely limited:

> Upon information and belief, the Defendant, iLean Ride Company, LLC, is a travel and tourism company whose citizenship resides in the State of Colorado. Defendant is

>incorporated under the laws in the State of Colorado and maintains its principal place of business in Colorado.

(Compl., Doc. 1.) Problematically, the law is clear in every federal circuit that "[i]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233 (10th Cir. 2015). To discern the citizenship of a limited liability company like Defendant here, the locations of its incorporation and principle place of business are immaterial. Plaintiff's allegations were plainly insufficient to invoke the Court's subject-matter jurisdiction. Recognizing this, Magistrate Judge Tafoya asked Plaintiff to remedy this critical deficiency by showing that jurisdiction exists.

Plaintiff's response, however, did not supply the requested information. Instead, she offered Defendant's office address, registered agent address, and two locations of operation—none of which inform the relevant inquiry. Rather than identify Defendant's members or their citizenship in compliance with the Court's order, Plaintiff urged that the Court acquiesce to her "good faith belief that no members of the LLC reside in" the same state she does. She would further have the Court import inapplicable venue standards under 28 U.S.C. § 1391: "At this point, the Plaintiff would ask the Court to use this [venue] definition to establish jurisdiction until Defendant has time to reply."

The Court cannot abandon its duty to ensure jurisdiction at every stage of the proceedings by applying inapplicable statutes in the hopes that Plaintiff may one day be able to meet her burden. "[T]he relevant time period for determining the

2

existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel*, 781 F.3d at 1239. And while pleading diversity may be a challenge when the other party is an unincorporated entity, that does not alleviate the burden of proof that one seeking federal jurisdiction takes on. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). Here, neither the Complaint nor response to the Court's order to show cause support diversity jurisdiction, and the Court cannot proceed further.

It is therefore **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff re-initiate this action, she shall properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

Dated: July 11, 2019.

                                        **BY THE COURT:**

                                        */s/ Daniel D. Domenico*
                                        Hon. Daniel D. Domenico
                                        United States District Judge